**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**

In re:

| | | |
|---|---|---|
| Andrea Yvette Harris | ) | Case No. 16-35737 |
| Debtor | ) | |
| | ) | |
| BEN ABBOTT & ASSOCIATES, PLLC | ) | |
| Plaintiff | ) | Adversary Case No. 17-3057 |
| vs. | ) | |
| | ) | |
| ANDREA YVETTE HARRIS | ) | |
| Defendant. | ) | |

**DEFENDANT'S ORIGINAL ANSWER TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT DOCKET (1)**

**NOW COMES**, Defendant Andrea Harris by and through her attorney Sherlyn Smith and Answers the abovenamed complaint as follows:

## I. JURISDICTION

1.1 Jurisdiction is established by 28 U.S.C. § 1334 and 28 U.S.C. § 157.

## II. ANSWER

2.1 Defendant ADMITS the statements contained in Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 14 of the Complaint.

2.2 Defendant DENIES the statements contained in Paragraphs:

11: Defendant denies the characterization of Defendant's statement. Defendant discussed her general feelings regarding the settlement upon learning that the policy limits were insufficient to make her whole.

12: Defendant denies the characterization of the Defendant's statements and states that she informed Plaintiff not to disperse the funds until the bankruptcy court distributed them. The issue of the grievance was collateral issue

13: Defendant denies the statements contained in Paragraph 13 and states that she filed bankruptcy because she was in debt.

17: Defendant denies the application of the statute and states further that Plaintiff lacks standing to object to the discharge of the medical provider's claims.

18: Defendant denies the statement contained in Paragraph 18 and states that she sought to reduce the Plaintiff's fee based on her dissatisfaction with how Plaintiff handled her case.

19. Defendant states that she informed Plaintiff that due to the insufficiency of the settlement proceeds she was forced to file bankruptcy.

20. Deny in part. Defendant listed Plaintiff as Priority Non Secured Debt. Debtor listed the $30,000.00 settlement amount as exempt under the Federal exemptions but the Rules only allow a certain amount to be exempted. It is the allowable amount that Defendant claimed as exempt.

21. Deny in part

22. Deny

23. Deny

2.3   Defendant has information insufficient to admit nor deny the statements contained in Paragraph 16 of the Complaint.

## III. AFFIRMATIVE DEFENSES

3.1 Defendant asserts that upon information and belief Plaintiff was in possession and control of the medical bills and that she had not received any bills from the medical providers directly to include in the Schedules. Defendant further states that she included the medical providers on the creditor matrix and they were given notice.

## IV. COUNTER CLAIM

4.1 Defendant alleges that Plaintiff filed this suit without sufficient legal or factual basis and that it is frivolous

4.2 Defendant alleges that she has suffered embarrassment and shame as a result of the baseless allegations of fraud made against her without factual basis.

4.3 Defendant alleges that Plaintiff knew that Defendant was not attempting to discharge its fee as alleged in the Complaint and therefore brings this suit in bad faith.

This is a core claim and the Defendant consents to the final entry of order/judgment by the bankruptcy Judge.

WHEREFORE, Defendant prays this Court enter an order

A. Dismissing the adversary suit with prejudice for failure to state a claim;

B. Deny all elements of Plaintiff's prayer for relief;

C. Award Defendant reasonable attorney's fees for the defense of a frivolous suit;

D. Sanction Plaintiff for filing a frivolous lawsuit;

E. Any further relief this Court finds just and necessary.

Respectfully Submitted,

__/s/Andrea Harris ______

Andrea Harris, Defendant/Debtor

/s/ Sherlyn Smith
By: Her Attorney Sherlyn Smith

Smith Weeden
6855 S. Mason Rd. #17105
Katy, TX 77450
(708) 663-5446
attysherlynsmith@gmail.com

**Certificate of Service**

On the 28th day of April 2017 the undersigned served the following parties with a copy of this motion by using the electronic filing system (ECF/CME). A copy was served upon the Debtor using regular first class US mail from Katy, TX by 5:00pm.

/s/ Sherlyn Smith

Debtor
Andre Yvette Harris
22136 Westheimer Pkwy #334
Katy, TX 4450

Plaintiff's Attorney
Jennifer Kahn
The Kahn Law Firm
9330 Broadway, Suite A224
Pearland, TX 77584

Chapter 7 Trustee
1201 Louisiana
28th Floor
Houston, TX 77002

Debtor's Attorney
Sherlyn Smith
6855 S. Mason Rd #17105
Katy TX, 77450